UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |  |
|---|---|---|
| KENTE BARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:05-cv-976-JDT-TAB |
| | ) | |
| FISHERS POLICE DEPARTMENT and | ) | |
| CAPTAIN BILL KNAUER, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Concerning Selected Matters**

**I.**

The plaintiff's request for order of extended law library time, filed on October 4, 2005, has been considered. Through that motion the plaintiff, who remains confined at the Marion County Jail (the "Jail"), seeks an order from this court that Jail authorities permit him expanded access to the law library at the Jail. Specifically, he seeks an order permitting him access to the law library for a period of three (3) hours a day, five (5) days a week. He supports this request by pointing out that he is proceeding without counsel in this action. He explains that he has four (4) crimnal actions in the Marion County courts. He also seeks an order directing the law library clerk at the Jail provide him with postage, legal envelopes, and/or stationary that he cannot obtain.

The plaintiff's request for an order requiring expanded supplies of postage, envelopes and stationary is **denied**, because there is no indication that he lacks such supplies insofar as they may be required to proceed in this action.

The plaintiff's remaining request proceeds from a mistaken premise. The Supreme Court has explained that a state has no affirmative duty to "enable the prisoner . . . to litigate effectively once in court." *Lewis v. Casey,* 518 U.S. 343, 354 (1996). To "litigate effectively" is precisely the goal of the plaintiff's motion filed on October 4, 2005. Nonetheless, the court recognizes that the right to meaningful access to the courts "is the most fundamental right he or she holds. 'All other rights of an inmate are illusory without it, being entirely dependent for their existence on the whim or caprice of the prison warden.'" *DeMallory v. Cullen,* 855 F.2d 442, 446 (7th Cir. 1988) (quoting *Adams v. Carlson,* 488 F.2d 619, 630 (7th Cir. 1973)). The manner in which this interest will be accommodated in this case is through the liberal interpretation of the filings presented by the plaintiff and by any reasonable adjustment to the pretrial or trial preparation schedules which may be justified by the plaintiff's *pro se* status and his incarceration. The number of criminal actions in which the plaintiff is a defendant is not discernibly related to this undertaking, however, because he has the right to counsel in those actions.

**II.**

The plaintiff has requested that the clerk issue and serve a subpoena he has tendered to a non-party in an apparent effort to take a deposition upon written questions.

Rule 31(a)(3) of the *Federal Rules of Civil Procedure* provides, in part, as follows:

> A party desiring to take a deposition upon written questions shall serve them upon every other party with a notice stating (1) the name and address of the person who is to answer them, if known, and if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs, and (2) the name or descriptive title and address of the officer before whom the deposition is to be taken.

The plaintiff's request that his proposed deposition upon written questions be served by the clerk is **denied** for these reasons: First, it does not appear that a copy of the discovery request was served on counsel for the defendants. Second, the subpoena is not accompanied by the daily attendance fee to which the intended recipient is entitled. Third, the discovery request itself is incomplete, or deficient, because it fails to set forth "the name or descriptive title and address of the officer before whom the deposition is to be taken."

**III.**

The subpoena appended to the plaintiff's motion filed on October 4, 2005, shall be detached from that motion and returned to the plaintiff. Insofar as that subpoena suggests that he is seeking documentary discovery from a non-party pursuant to Rule 34(c) of the *Federal Rules of Civil Procedure*, he may serve that request directly on the non-party if he does so in compliance with applicable rules.

**IT IS SO ORDERED.**

Date: 10/11/2005

John Daniel Tinder, Judge
United States District Court

Copies to:

Paul Thomas Belch
Law Office of St. Paul Travelers
9001 Wesleyan Rd.
Suite 110
Indianapolis, IN 46268

Kente Barker
No. 483701 4-P
Marion County Jail
40 South Alabama St.
Indianapolis, IN 46204

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.